1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12   JOSE PEQUENO,                    )     Case No. LA CV 15-6541 ODW (JCG)
                                       )
13                 Petitioner,         )     **ORDER (1) ACCEPTING REPORT AND**
                                       )     **RECOMMENDATION OF UNITED**
14          v.                         )     **STATES MAGISTRATE JUDGE AND**
                                       )     **(2) DENYING HABEAS PETITION,**
15   W.L. MONTGOMERY,                  )     **CERTIFICATE OF APPEALABILITY,**
                                       )     **AND EVIDENTIARY HEARING**
16                 Respondent.         )
                                       )
17   _____       )
18
19          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate
20   Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R,
     and the remaining record, and has made a *de novo* determination.
21
22          In his Objections, Petitioner opposes the R&R's conclusion that the Petition is
23   untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and
     argues that he is entitled to equitable tolling on the ground that his appellate attorney
24   untimely notified him of the completion of his state court appeal.  (Objections at 2-6.)
25          Generally, "the threshold necessary to trigger equitable tolling [under AEDPA]
26   is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063,
27   1066 (9th Cir. 2002) (citation omitted).  AEDPA's limitation period is subject to
28

                                            1

equitable tolling only if a petitioner can show that (1) he pursued his rights diligently and (2) an "extraordinary circumstance prevented timely filing." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Significantly, "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case" can constitute extraordinary circumstances, and thus "provide grounds for equitable tolling *if the prisoner has acted diligently in the matter*." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citation omitted) (emphasis added). In the Ninth Circuit, a petitioner must "show diligence through the time of filing [his federal petition], even after the extraordinary circumstances have ended." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015).

Here, Petitioner was notified of his state case's completion in December 2014 – two months before the expiration of the AEDPA limitation period. (*See* Objections at 3, 10; R&R at 1.) Nevertheless, Petitioner waited until June 2015 – *six months later* – to request his case file from his appellate attorney. (*See* Objections at 4, 12-13.) Petitioner then waited *another two months* to file this Petition,[1] which was by then *nearly six months overdue*. (*See id.* at 10; R&R at 1.) These delays seem particularly needless, given that the Petition's arguments appear to closely mirror those raised in Petitioner's state appellate briefs, all of which have been in Petitioner's possession since 2013. (*See* Objections at 3, 17; *compare* Pet. *with* http://appellatecases.courtinfo. ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2033027&doc_no=B24573); *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings).

Thus, in light of these self-inflicted and unexplained delays, the Court cannot find that Petitioner exercised such diligence as might justify equitable tolling.[2] *See, e.g.*, *Majano v. Long*, 2015 WL 1612016, at *7-10 (C.D. Cal. Apr. 8, 2015) (finding a

---

[1] Because the Petition was filed five days *before* Petitioner received his case file, this additional two-month delay could not have been due to review or incorporation of the file. (*See* Objections at 4, 15.)

[2] Accordingly, Petitioner's request for a hearing "to determine if in fact [Petitioner's] attorney failed to keep [P]etitioner informed of his legal proceedings" is **DENIED AS MOOT**. (Objections at 5.)

lack of diligence where Petitioner allowed an "inexplicable four-month delay" after his belated notification that his conviction was final for AEDPA purposes).

Nor is the Court persuaded by Petitioner's additional arguments that he is entitled to equitable tolling because (1) he is a layman at law; (2) he was unaware of the AEDPA filing deadline; (3) he relied on another inmate's legal assistance; (4) he lacked access to his complete case file; and (5) he spent two months on lockdown.[3] (*See* Objections at 2, 5, 19-20); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by "reliance on [inmate] helpers"); *Williams v. Sheperd*, 2005 WL 1837133, at *3, *adopted by* 2005 WL 2400934 (E.D. Cal. 2005), *aff'd*, 238 F. App'x 260 (9th Cir. 2007) (where claims that petitioner presented in federal habeas petition were based on facts he knew, "petitioner did not need the entire state court record to assert his federal habeas claims[,]" and failed to meet "his burden of demonstrating that without his entire case file, he was unable to proceed with seeking post-conviction relief"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("the difficulties attendant on prison life" do not generally warrant equitable tolling).

Thus, on this record, the Court finds that equitable tolling is unwarranted, and the Petition is untimely.

Accordingly, IT IS ORDERED THAT:

1.      The Report and Recommendation is approved and accepted;

2.      Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.      The Clerk serve copies of this Order on the parties.

/ / /

---

[3] Notably, Petitioner's lockdown status – between December 11, 2014 and February 10, 2015 – apparently did not restrict his ability to write, receive, or send mail.  (*See* Objections at 20.)

Additionally, for the reasons stated in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court declines to issue a certificate of appealability.

DATED:  October 28, 2015

_____

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE